Black PS version Now, that's the issue we're here to discuss. Who does have priority? Where does the Idaho statute fit with respect to this sum? And to the extent that we're talking about at least a portion being COET, why aren't they entitled to the COET portion? Because it's a matter of timing. First, the setoff applies so that there is no recovery on the judgment. If there is no recovery on the judgment, their lien attaches to the recovery on the judgment. Their lien attaches to a zero sum. You make a distinction between the judgment and the recovery on the judgment. Isn't the lien attached to the judgment? It does not attach to money in the United States Treasury. And that's what we're talking about. The money is sitting there in the United States Treasury. And Congress has stated that that money will not leave the United States Treasury to the extent that the claimant owes money to the United States Treasury. Well, you're arguing sort of, as Judge O'Scanlan said, the setoff is sort of like a super priority. They can't be defeated by judgment. You always come first. What it amounts to? Well, I think it's a problem to get into that because you've got lien issues and you've got setoff issues. I don't – they're not really – it's a matter of timing. There's no – the judgment never leaves the United States Treasury because of Section 3728. Their lien attaches to whatever you want to call it, the judgment. Their lien – there's no basis for saying that their lien would interfere with the operation of Section 3728. There's nothing in the statute. There's nothing in the case. All right. Let's assume for the sake of discussion only that there was no setoff. In other words, that that was the 450,000 belongs to ERI. It was as a result of the resolution of the case against the government. Not Treasury, but another agency. So you've got the pot of 450,000, and there is no tax assertion made with respect to that. How would this work? Wouldn't they have an Idaho law-based lien on the 450,000, which could be enforceable against the government, so the government would pay off the lien and then remit the remainder to ERI? The lien is against the government? Against the judgment. Against the judgment. There's an attorney's lien. As a matter of fact, I don't see how this is much different than 301-6323-F1, Example 3. Well, our position is that example is not relevant here because we're not ‑‑ I mean, you're assuming that there was no setoff, but ‑‑ It's what's called a hypothetical. I'm just trying to understand in my own mind how the sequencing works here. There's no question there's an Idaho-based lien. Isn't that true? All right. All right. So for the sake of argument, let's assume there is no tax claim by the Treasury, but there is the 450,000 in the Treasury that should be remitted to ERI. Wouldn't the Treasury recognize the lien and pay it off directly to the law firm and then remit the remainder or not? No. Why? My purpose of the Any Assignment Act is that the government is not going to get involved in affairs like that. The judgment would be paid to ERI, and then Dun & Blackwood would force their lien. But that's not an assignment. It's an attorney's lien by virtue of State law, which my understanding is that liens are recognized in general, no? You're saying any lien is an assignment, so basically there's no lien that operates against the government. That's what you seem to be saying. Is that what you're saying? I believe so, yes. You have parties. Then what's all this case law about liens and first-in-time and 6323 and so on? It's all spinach because there's no such thing as a lien against the government? Well, there can be liens against a piece of property. The government, there can be a piece of property over there. It's a piece of property in the amount of 450,000. Pardon me? The piece of property is a sum of $450,000. It happens to be sitting in the Treasury, but it's an identifiable piece of property. There's a big difference if it's property out there on Main Street or property in the United States Treasury. No, it's well established that parties do not assert liens. You cannot assert liens against United States government property. Your lien priority issues come about where a house on 231 Main Street, you've got a tax lien, you've got other liens. Then you compare, but the government doesn't have the property. The government wants the property. The government has a lien against the property. And then you get into the battle of priorities, first-in-time, first-in-right, whatever the situation is. But it's completely different when you're talking about money in the United States Treasury. So in your theory, the set-off doesn't matter, nothing matters, because all that matters in the end is you just can't have a lien against property that's being held by the government, period. Well, our position is that Section 3728 states that if you have a judgment against the government, you shall set off that judgment against any debts owed by the claimant to the government. That's really the beginning and the end of it. These other issues are interesting, but they don't affect Section 3728. All right. Now, for the last quite a few minutes, we've been talking about the merits of the case. But I want to get back for a minute to the jurisdiction. Now, I understand your position is that 13 – well, the plaintiff cannot proceed under 1346 because they did not pay the tax, right? That's your basic position now. But assuming, you know, the argument is correct, and I don't know whether it is or not, but assuming the argument is correct that, well, they're entirely proceeding under 1346 because their position is that this tax was illegally collected because the money should have gone first to them, right? Just say that. I mean, that's the basis for proceeding under 1346. And I think your fallback argument is even assuming they can otherwise proceed under 1346, they're still barred because they did not exhaust their administrative remedies. Are you making that argument? Yes, absolutely. Now, what do you mean by that? They had to file a claim with the IRS? Is that what you mean? Right. Yeah, exhaust administrative remedies, file an administrative claim for refund with the IRS. Well, that's a different bar than the basic argument about the other two separate independent bars. First, no tax was collected from them, so they don't have standing. And that, am I correct that that wasn't raised in the district court? That's correct, Your Honor. So why isn't that the end of that? It doesn't matter because it's jurisdictional, huh? Yes. Jurisdiction must be raised at any stage. Well, it's jurisdictional in an Eleventh Amendment-y sense, right? I mean, not Eleventh Amendment, in a sovereign immunity sense. It's jurisdictional only because anything that runs against the government is jurisdictional. Otherwise, it wouldn't be jurisdictional. It would just be procedural. It's a condition on the waiver of sovereign immunity for refunds. Okay. But that doesn't mean that exhaustion requirements aren't waivable by the United States because sovereign immunity is waivable. I don't believe sovereign immunity is waivable. Of course it's waivable. What do you mean it's not waivable? We have lots of case laws saying it's waivable. I'm not aware of it. My understanding is that if the parties don't raise jurisdiction, then the court is obligated to raise jurisdiction. Jurisdiction, yes, when it's jurisdictional in the sense of the capacity of the court to proceed. But when it's jurisdictional in the sense of sovereign immunity, it's waivable. Congress can waive sovereign immunity. I'm not authorized. Nobody else is authorized. Well, but let's get even more limited, though. Even assuming this is part of the sovereign immunity argument, if you don't raise ever the issue about exhaustion, then that argument is waived, right? Exhaustion argument. So in that sense, it's waivable, isn't it? Exhaustion is part of your sovereign immunity claim. But if you don't raise exhaustion... Well, I think my understanding is that even if the parties don't raise jurisdiction, it's up to the court to make sure that... That's true. Suppose you said in your brief, well, you know, drop a footnote saying, well, Dunn and Black, you know, we note that they didn't file an administrative claim, but, you know, we're waiving that. I'm not persuading you. The merits are so interesting, we'll go ahead and take jurisdiction just for the final claim of the case. Is that a proper waiver? I wouldn't have authority. I could try it, but I don't think I would have legal authority to do that. Well, let's assume that we're talking about the second argument, that is, that there's 1346 jurisdiction but no exhaustion. Is the government comfortable with that argument as an alternate argument? That there is jurisdiction but no exhaustion. In other words, no exhaustion under 7422, which, of course, was not raised in the trial court, but how about it? I'm not sure I understand the question. Are we willing to concede jurisdiction under 1346a1 as a matter of standing? No. With respect to the you said there were two reasons why 1346 doesn't work. We understand your standing argument. Okay. The other argument is that there was no exhaustion. Right. All right. To the extent there was no exhaustion, the government is conceding that at least there's a threshold basis for jurisdiction? No. These are alternate arguments. Either one could stand alone as jurisdictional bars. Your argument is that even if the court should conclude that they can make a claim otherwise make a claim in 1346, they would still be barred by fair use of. Correct. It's sort of an alternate argument. Correct. But that argument wasn't made in the trial court. That's correct. All right. So it's conceivable we could find that there was waiver with respect to 7422, at least arguably. That's all we're doing right now. If it's a waivable matter. I can tell you my position. I can't tell you what you can. You're the boss. Your position is certainly wrong with respect to the notion that sovereign immunity in general isn't waivable in a courtroom. I mean, we have many cases in which that happens. We probably have cases in which exhaustion has been waived. In fact, I know we did. So how can that be? I mean, suppose you had made a choice to stand up here and say in the district court, well, it's true that 7422 requires exhaustion, but let's not worry about that. Our only argument is based on 1346 not applying. You couldn't have done that, and the court wouldn't have been bound by it, and you could have stood up here two years later and argued otherwise. That's my understanding, yes. That's our view, yes. If I could, could I refute to explain that there was no government misconduct in this case? We haven't had a chance. They raised certain allegations in their reply brief. You may do so, certainly. In a court of Federal claims action that gave rise to the judgment, that case was settled. The stipulation of settlement expressly provides that there was no admission of liability. They're relying solely on ERI's allegations that were unproven in that litigation to prove that there was government misconduct at the level of what gave rise to the settlement. And as far as the taxes, these were employment taxes, that the liability arose when ERI paid the taxes, when they paid wages to their employees, their employment taxes. They withheld Federal income taxes. They didn't remit. They failed to remit. The employees were given credit for having paid their taxes. And to the extent that they decided not to file their duty under the law to hold on to those taxes and remit them, they're the culpable party, and the government is not culpable. And Dun & Black's contention that they were improperly denied notice of these taxes is somewhat disingenuous because they were intimately involved with ERI's affairs prior to the year 2000. One of their attorneys, Richard Campbell, stated that he was on their board of directors. These tax liabilities arose back in periods from 1999 to 2003. The fact that they were this longstanding involvement with the corporation, that they knew they were in financial difficulties, that they wanted to get involved in a contingent fee agreement. When did the government first assert its employment tax claim against ERI? The first notice, it was back in that early period. I can look and see. But it predated the $450,000 settlement? Yes. Yes. These periods overlap to a large degree. But the fact of the matter is that Dun & Black was involved with this corporation and knew they were in financial difficulties. At the very least, they should have inquired of ERI as to whether it was current on its taxes before entering in this type of agreement. Thank you. Thank you, Counsel. Mr. Tucker, you have some reserved time. Thank you, Your Honor. First of all, as far as the jurisdiction issue goes, certainly Dun & Black's position is that because 7422 wasn't addressed at the trial court level, if that's something that can be waived, it has been. But to address it, I think there's some confusion because 7422 establishes a conditioned precedent in an action to recover taxes that the taxpayer files, when the taxpayer files the action. That's in our brief. And that's straight out of a case from the circuit in 84. And the district court properly found that under 1346, there was proper jurisdiction. But your comments in the language of 7422 and the language of 1346 are pretty similar. So if 7422 only applies to taxpayers, then you're sort of backing yourself into the argument that 1346 doesn't apply to you either. It seems to me that they seem to be fairly parallel, and it doesn't the notion that there's a category of people who can sue under 1346 but don't have to be exhausted under 7422 is somewhat problematical. That's what your argument is, right? There's a category of people who can bring suit and not exhaust. Certainly, Your Honor. Under 1346, the district court properly cites the language, the broad language used, the word any, you know, five times, any civil action against the United States, any sum alleged to the United States. 7422 have basically the same broad language? This circuit has held that 7422, not referring to 1346 in Boyd v. U.S., it applies to the taxpayer who filed the claim. Here, the district court found that there's people other than a taxpayer who can have jurisdiction to fight this and that maybe don't have to satisfy this condition precedent, which is for the taxpayer. That's the position Dun and Black has on the jurisdiction issue. As far as the liability, I just wanted to touch on that. The government terminated ERI for default. As the court knows, that's a breach of contract. Dun and Black got involved in the settlement that was changed to a termination for convenience, which allowed it to have a reasonable cost and a reasonable profit. So it can be termed anything they want to call it, but the termination for default is certainly improper. There's $450,000 sitting in the U.S. Treasury. If this court recognizes that Dun and Black had a valid coherent attorney lien, there's still going to be a windfall for the government. There's still going to be almost $90,000 sitting there that wouldn't be there but for Dun and Black's efforts. Assuming that the government is correct, that there were employment taxes withheld but never remitted to the government, the government certainly has a proper claim with respect to those, does it not? I don't think there's an issue about the government that there was tax liabilities. The issue is that there was no notice and that Dun and Black got involved here, created this common fund, and but for their efforts, there'd be no fund at all. By recognizing Dun and Black's valid lien. Well, do you want to respond to Mr. Pitt's, let's say, innuendo that you being the law firm representing this company all along had to have known that there were unpaid employment taxes withheld and not remitted? The very first tax lien was filed on August 29, 2003. We had our sleeves rolled up and Dun and Black was into this for two years at that point. Two years and seven months. The very first time there was a lien. There wasn't a tax judgment until November 29, 2004. Five months after the common fund created by Dun and Black was in place. I heard the innuendo and I think the facts show otherwise. I think the facts show maybe what I was referring to, that there might have been more going on here. If the court is inclined to distinguish the $137,000 that may have been co-paid prior to the transfer of the fee agreement to contingency, I would ask this court to remand that to the district court to address that issue specifically, as neither side has briefed that specific issue. But as to the $450,000 sitting in the U.S. Treasury today, all Dun and Black is asking is to enforce its valid attorney lien, have it be compensated for the work it put in, and leave the excess to the government. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Tashima, Berzon